IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIMBERLY CARREL,                          )
                                          )
                        Plaintiff,        )
                                          )
v.                                        )          Case No. 10-4124-RDR
                                          )          Discovery Dispute No. 11-409-RDR
                                          )
GRANT DAVIS,                              )
                                          )
                        Defendant.        )

## MEMORANDUM AND ORDER

This matter comes before the court upon Jane Estes' Motion to Quash Deposition of Jane

Estes and for Protective Order (ECF No. 4).  Plaintiff has filed a response in opposition to the

motion.  Ms. Estes has declined to file a reply brief, and the time to do so has now passed.  For

the reasons stated below, the motion is granted in part and denied in part.

**I.      Procedural Conference Requirement**

Before considering the merits of Ms. Estes' motion, the Court must first determine

whether Ms. Estes has made a sufficient attempt to confer with Plaintiff.  This District's local

rules provide that the "court will not entertain any motion to resolve a discovery dispute . . .

unless the attorney for the moving party has conferred or has made a reasonable effort to confer

with opposing counsel concerning the matter in dispute before filing a motion."[1]  Ms. Estes'

motion states that her counsel spoke with Plaintiff's counsel regarding her deposition and the

documents Plaintiff has asked her to produce.[2]  The movant and Plaintiff were able to come to an

---

[1] D. Kan. Rule 37.2.

[2] Suggestions in Supp. of Jane Estes' Mot. to Quash Dep. of Jane Estes and for Protective Order at 1, ECF No. 5.

agreement regarding many of the issues, and Ms. Estes' renewed motion is more narrowly tailored than her previously filed motion, which the Court denied without prejudice for failing to confer.[3]  For these reasons, the Court finds the movant has satisfied this District's procedural conference requirement.

## II.    Background

Plaintiff's counsel have filed this and five other legal malpractice actions in the District of Kansas against Defendant Grant Davis.[4]  The plaintiffs to these actions are the individuals or survivors of individuals who filed suits against Robert Courtney—a Missouri pharmacist who diluted chemotherapy drugs—and against drug manufacturers Eli Lilly and Company and Bristol-Myers Squibb Company.  Defendant represented approximately eighty plaintiffs in these suits, including the plaintiffs who have filed suit in this District and movant Ms. Estes.  Ms. Estes also worked as a paralegal in Defendant's law office.  Plaintiffs contend Defendant's actions related to an alleged aggregate settlement constitute legal malpractice.

On May 18, 2011, Plaintiff Kimberly Carrel noticed the deposition of Ms. Estes.[5]  The deposition notice also requested that Ms. Estes produce "[h]er claim file regarding the Eli Lilly and Bristol-Meyers Squibb settlement agreement."  Ms. Estes initially objected to being deposed and to producing any portion of her claims file on the grounds of the attorney-client privilege.[6]

---

[3] *See* Order at 2-3, ECF No. 3.

[4] *See Booth v. Davis,* 10-4010-RDR; *Schmitz v. Davis*, 10-4011-RDR; *Carrel v. Davis,* 10-4124-RDR; *Kirkengaard v. Davis,* 10-4125-RDR; *Boehmer v. Davis*, 11-4059-RDR; *Waldon v. Davis*, 11-4060-RDR.

[5] Notice to Take Dep. *Duces Tecum*, ECF No. 2-1.  *See also* Notice to Take Dep. *Duces Tecum*, *Carrel v. Davis*, No. 10-4124-RDR (D. Kan. May 18, 2011), ECF No. 40.

[6] Suggestions in Supp. of Jane Estes' Mot. to Quash Dep. of Jane Estes and for Protective Order at 1, ECF No. 5.

The Court denied the motion without prejudice for failing to confer with Plaintiff's counsel.[7]
Ms. Estes has now filed a renewed motion to quash and for a protective order.  She seeks a court
order excusing her from testifying in this case.[8]  Alternatively, if Ms. Estes is required to testify,
she asks that she be excused from producing a document that she contends is protected by the
attorney-client privilege and a document that reflects the settlement amount she received.[9]

**III.    Discussion**

> **A.    Motion to Quash**

Ms. Estes motion to quash is made pursuant to Fed. R. Civ. P. 45(c), which pertains to
quashing subpoenas.  Ms. Estes has not attached the subpoena to the instant motion; however,
she did attach to her first-filed motion a copy of the Notice to Take Deposition *Duces Tecum*,
which provides the relevant information.[10]

Fed. R. Civ. P. 45(c)(3) provides that the Court must quash or modify a subpoena that
"requires disclosure of privileged or other protected matter, if no exception or waiver
applies[.]"[11]  "In federal court, the determination of what is privileged depends upon the dictates
of Rule 501 of the Federal Rules of Evidence."[12]  Pursuant to Rule 501, state law governs the

---

[7] *See* Order at 2, ECF No. 3.

[8] Suggestions in Supp. of Jane Estes' Mot. to Quash Dep. of Jane Estes and for Protective Order at 1, ECF No. 5.

[9] *Id.*

[10] Notice to Take Deposition *Duces Tecum* at 1-3, ECF No. 2-1.

[11] Fed. R. Civ. P. 45(c)(3)(A)(iii).

[12] *ERA Franchise Sys., Inc. v. N. Ins. Co. of N.Y.*, 183 F.R.D. 276, 278 (D. Kan. 1998).

applicability and scope of attorney-client privilege in diversity actions.[13]  Neither the movant nor

the Plaintiff inform the Court which state's law applies.  The case, *Carrel v. Davis*,[14] is before

the Court on diversity jurisdiction, and it appears the events giving rise to the legal malpractice

claim occurred in Missouri.[15]  Therefore, the Court assumes, without deciding, Missouri law

applies.

        Missouri state law recognizes the attorney-client privilege in Mo. Rev. Stat. §

491.060(3), stating an attorney shall be incompetent to testify "concerning any communication

made to the attorney by such attorney's client in that relation, or such attorney's advice thereon,

without the consent of such client."  Under Missouri common law:

> The attorney-client privilege attaches to:  1) Information transmitted
> by voluntary act of disclosure; 2) between a client and his lawyer; 3)
> in confidence; and 4) by a means which, so far as a client is aware,
> discloses the information to no third parties other than those
> reasonably necessary for the transmission of the information or for
> the accomplishment of the purpose for which it is to be transmitted.
> All four of [these] elements must be present for the privilege to apply.
> In addition, surrounding circumstances should be considered as they
> indicate the existence, or nonexistence, of any one of the elements.[16]

        The party asserting attorney-client privilege as a bar to discovery bears the burden of

---

        [13] *See* Fed. R. Evid. 501 ("[I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law."); *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1368-69 (10th Cir. 1997) (discussing the application of state law versus federal law to the issue of attorney-client and work product privileges*); ERA Franchise Sys., Inc.*, 183 F.R.D. at 278.

        [14] The Court notes that a separate case number has been opened for this discovery dispute even though the underlying case is pending in this District.

        [15] *See Carrel v. Davis,* Compl. at 1, ECF No. 1.

        [16] *State v. Longo*, 789 S.W.2d 812, 815 (Mo. Ct. App. 1990).

establishing its applicability.[17]  To carry that burden, the objecting party must describe in detail

the documents or information to be protected and must provide precise reasons for the objection

to discovery.[18]  Making this showing typically requires submission of a privilege log.[19]

Ms. Estes has submitted a privilege log that states the document withheld is a letter

created by Grant Davis on February 14, 2003, for Ms. Estes.[20]  No copies appear to have been

disclosed to others.  Ms. Estes states the document was prepared in the course and scope of

litigation and contains legal advice regarding the preparation of forms necessary to process her

claims in the Missouri state court action.  Based upon this description, it appears this document

is attorney-client privileged.

Plaintiff does not argue Ms. Estes has failed to satisfy the elements of attorney-client

privilege.  Rather, Plaintiff argues that because both she and Ms. Estes were "co-plaintiffs" in the

underlying Missouri state court litigation, she has a right to discover the document.  In support of

this argument, Plaintiff cites *Scrivner v. Hobson*, a 1993 opinion from the Texas Court of

Appeals.[21]  That case is unpersuasive.  In *Scrivner*, the court interpreted provisions of the Texas

Rules of Civil Evidence, which provided that no privilege exists with regard to a communication

---

[17] *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *Johnson v. Gmeinder*, 191 F.R.D. 638, 642 (D. Kan. 2000).

[18] *Id.* (quoting *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994)).

[19] *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, No. 05-2433-JWL-DJW, 2007 WL 1347754, at *2 (D. Kan. May 8, 2007).  A privilege log is not always necessary as long as the opposing party and the court can assess whether the claimed privilege applies to the document.  *Farha v. Idbeis*, No. 09-1059-JTM, 2010 WL 3168146, at *4 n.11 (D. Kan. Aug. 10, 2010).  For example, a party might satisfy Rule 26(b)(5)(A)(ii) by describing a particular communication in such narrative detail that a formal privilege log is unnecessary. *Id.*

[20] Jane Estes' Privilege Log at 1, ECF No. 5-1.

[21] *Scrivner v. Hobson*, 854 S.W.2d 148 (Tex. Ct. App. 1993).

relevant to a matter of common interest among joint clients or with regard to a communication relevant to the issue of a breach of duty by the lawyer.[22]  Plaintiff has failed to cite any authority indicating that Missouri has adopted a similar rule.  The Court finds Ms. Estes has made a proper showing that the above-described document is privileged, and therefore she need not produce it.

Ms. Estes' motion also seeks an order modifying the subpoena to allow her not to testify because she contends her testimony would consist entirely of information protected by the attorney-client privilege.[23]  In response to the motion, Plaintiff informs the Court that Ms. Estes has now agreed to present herself for a deposition.[24]  Accordingly, it appears the issue is now moot.  Even if it were not, the Court would be disinclined to grant a motion seeking to prohibit an entire deposition on the basis of the attorney-client privilege unless the topics to be covered in the deposition, on their face, called for testimony invading the attorney-client privilege.[25]  In this case, Ms. Estes has made no showing that the topics of the deposition call for privileged information.

Finally, Ms. Estes objects to the subpoena on the grounds that it seeks disclosure of the settlement amount she received.  She states that because she agreed to keep this information confidential, she could risk forfeiture of the settlement if she *voluntarily* discloses this information.  Although it is not entirely clear from Ms. Estes' motion, it appears she has

---

[22] *Id.* at 151-52.

[23] Suggestions in Supp. of Jane Estes' Mot. to Quash Dep. of Jane Estes and for Protective Order at 2, ECF No. 5.

[24] Pl.'s Response to Jane Estes' Mot. to Quash Dep. of Jane Estes and for Protective Order at 1, ECF No. 6; *see also Carrel v. Davis*, 10-1124-RDR, Amended Notice to Take Dep. *Duces Tecum* of Ms. Estes at 1, ECF No. 67.

[25] *See Miller v. Union Pac. R.R. Co.*, No. 06-2399-JAR-DJW, 2008 WL 4724471, at *6 (D. Kan. Oct. 24, 2008).

withheld a document containing the amount of her settlement award.

Unless a subpoena is facially objectionable, the party moving to quash or modify the subpoena bears the burden to support its objections.[26]  Here, Ms. Estes cites no legal authority in support of her argument that Plaintiff should not be allowed to discover the amount of her settlement award.  Certainly, this district has not taken such a position,[27] and the Court unearthed no Missouri case law suggesting discovery of confidential settlement information is disfavored or that Missouri has adopted a settlement privilege.  The Court finds Ms. Estes has not carried her burden to support her argument that the subpoena should be quashed on the grounds that it seeks information about her settlement.  Concerns about sensitive or confidential information are best addressed in the form of a protective order.[28]  Accordingly, the Court orders that information concerning Ms. Estes' settlement award be deemed "Confidential" under the Protective Order entered in *Carrel v. Davis*, 10-1124-RDR, ECF No. 18.

### B.    Motion for a Protective Order

Fed. R. Civ. P. 26(c) governs protective orders and provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."[29]  A protective order may only issue if the moving party demonstrates the basis for the order falls into one of the categories listed in Rule 26(c).[30]

---

[26] *See P.S. ex rel. Nelson v. The Farm, Inc.*, No. 07-2210-JWL-DJW, 2007 WL 4570872, at *2 (D. Kan. Dec. 27, 2007) (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 225, 256 (D. Kan. 1996)).

[27] *See, e.g., Heartland Surgical Specialty Hosp, L.L.C. v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 1246216, at *3-4 (D. Kan. Apr. 27, 2007).

[28] *See Jones v. Wet Seal Retail, Inc.*, 245 F.R.D. 724, 726-27 (D. Kan. 2007).

[29] Fed. R. Civ. P. 26(c)(1).

[30] *P.S. v. Farm, Inc.*, No. 07-2210-JWL, 2009 WL 483236, at *3 (D. Kan. Feb. 24, 2009).

Ms. Estes' motion fails to state the basis for which she seeks a protective order, and therefore she has not demonstrated the basis for the order falls into one of the categories listed in Rule 26(c). Rule 26(c) does not provide for the Court to issue a protective order to shield a party from disclosing or producing confidential or privileged information.[31] Accordingly, Ms. Estes' request for a protective order is denied.

Accordingly,

**IT IS THEREFORE ORDERED** that Jane Estes' Motion to Quash Deposition of Jane Estes and for Protective Order (ECF No. 4) is hereby granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2011, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[31] *See Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003) ("A party may obtain a protective order only if it demonstrates the basis for the protective order falls within one of the categories enumerated in Rule 26(c). In other words, the protective order must be necessary to protect the party from 'annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(c) does not provide for any type of order to protect a party from having to divulge privileged information or materials that are not calculated to lead to the discovery of admissible evidence.").